# DECEMBER, 1924.

R. F. WENDOVER v. W. S. FLY, CHIEF JUSTICE, ET AL.

Motion No. 6356.   Decided December 3, 1924.

(266 S. W., 782).

**Conflict in Rulings—Case Followed.**

This being a companion case to that of Garess v. Fly, ante, p. 233, leave to file petition for mandamus is refused on the authority of that decision. (Pp. 241, 242).

Motion for leave to file petition in the Supreme Court for writ of mandamus requiring the Court of Civil Appeals for the Fourth District to certify for decision questions arising on conflict of its rulings in Wendover ·v. Tobin, 261 S. W., 434, with decisions in

City of Bonham v. Fuchs, 228 S. W., 1112, and City of Ft. Worth
v. Davis, 57 Texas, 225.

*Lewright & Lewright*, for relator.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This is a companion case to that of E. B. Garess, Relator, vs. W.
S. Fly et al., Respondents, this day decided, but not yet reported.
The disposition of the latter renders unnecessary any lengthy
opinion in this one.

Relators have filed a motion for leave to file a petition for man-
damus against the Justices of the Court of Civil Appeals at San
Antonio, on the ground that the opinion of the court reported in
261 S. W., p. 434, is in conflict with the cases of Bonham v. Fuchs,
228 S. W., 1112, and the City of Fort Worth v. Davis, 57 Texas,
225. We have examined these cases, and there is no such conflict
as gives this Court jurisdiction to require certification. The rule
as to conflicts is set forth in Garess v. Fly et al., supra. The hold-
ings of the Court of Civil Appeals in the Fuchs Case and of the
Supreme Court are also discussed at length in that opinion, and
it is unnecessary to restate what is there said.

The opinion of the Court of Civil Appeals which it is claimed
conflicts with the two cases referred to shows that the Court of Civil
Appeals merely construed the charter of San Antonio, and held
it did not undertake to prescribe the only methods of ascertaining
whether or not a voter was a taxpayer. The court states that no
offer was made to show that any person who voted at the election
which was attacked was not a taxpayer. The Court of Civil Appeals
in part said:

"The trial judge, after hearing evidence of appellant as to fraud
and irregularities in the election, opened the different ballot boxes
used at the election, and during the progress of a count of the
ballots by the judge, appellant sought to prove that 6,621 persons,
whose names were set out in an exhibit to his pleadings, had voted
in favor of the several bond issues named in the call for the election,
that none of them had made affidavits or produced tax receipts,
that none of them had their names on the assessment roll of the city,
but such proof was not allowed by the court, because section 5 of
the charter of the city does not prescribe the only method of
ascertaining whether a voter was a taxpayer. No offer was made
to show that any person who cast a ballot at the election of December
4, 1923, was not a taxpayer. The Constitution, art. 6, §3, prescribes
that in all city elections to 'determine expenditure of money or
assumption of debt, only those shall be qualified to vote who pay

taxes  *  *  *  in said city or incorporated town.' The only quali-fication for a qualified voter of the state at an election, such as was held in the city of San Antonio, is that he shall have resided for six months immediately preceding the election in the city and pay taxes in the city, on property therein, and the charter of San Antonio does not seek to make additional qualifications for such voters, if it had the power to do so. All that has been attempted in section 5 of the charter is to provide for the officers of the election a method or methods by which it can be ascertained whether the voter has paid taxes on property in the city. That it was not intended to give the city power to create other qualifications for voters is clearly indicated in section 4, where it is provided that the 'qualifications of voters shall be the same as are now or may here-after be prescribed in the Constitution and laws of this state.' "

The above, of course, is a mere construction of the charter of the City of San Antonio, and not holding that any part of the charter is unconstitutional.

It is true that the court says, in the opinion, that a city ordinance or charter which prescribes qualifications for a voter additional to those in the Constitution is void. But they do not say that the charter does this, or that Section 5 thereof is void. On the contrary, the opinion contains this express conclusion:

"The charter does not seek to deny the right to vote if the name of the voter does not appear on the assessment roll, nor if he fail to produce a receipt or make an affidavit, or if the officer fails to write 'sworn' thereon."

It is clear, we think, there is no such conflict in what the court did, which was to construe the charter of the City of San Antonio, and what was held in the Fuchs and Davis cases. Garess v. Fly et al., supra.

Leave to file the petition for mandamus is refused.